**\*\*E-filed 07/12/2010\*\***

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

ANN DAVIS,

        Plaintiff,

  v.

GAZILLION, INC.,

        Defendant.
_____/

**No. C  10-743 RS**

**ORDER GRANTING MOTION TO COMPEL ARBITRATION**

## I.  INTRODUCTION

In the Spring of 2008, plaintiff Anne Davis was hired as an accountant by defendant Gazillion, Inc. (under its prior name of NR2B Research, Inc.).  As a condition of her employment, she was required to sign an agreement that included provisions requiring arbitration of any dispute that might arise between her and Gazillion.  Davis was terminated in January of this year.  She filed this action alleging age and race discrimination, and for retaliation against her for previously raising such claims.  Gazillion moves to enforce the arbitration agreement.  Davis opposes, arguing the provision is procedurally and substantively unconscionable, and therefore unenforceable.  The motion to compel arbitration will be granted, although certain provisions of the agreement will be stricken.

1

No. C  10-743 RS

## II. DISCUSSION

Under the Federal Arbitration Act (FAA), arbitration agreements "shall be valid, irrevocable, and enforceable, save upon such grounds as exist at law or in equity for the revocation of any contract." 9 U.S.C. § 2. Federal policy favors arbitration. *Gilmer v. Inter-state/Johnson Lane Corp.*, 500 U.S. 20, 25 (1991). Under California law, a contractual clause is unenforceable only if it is both procedurally and substantively unconscionable. See *Armendariz v. Found. Health Psychcare Servs., Inc.*, 24 Cal.4th 83 (2000); *Nagrampa v. MailCoups, Inc.*, 469 F.3d 1257, 1280 (9th Cir. 2006).

Courts apply a sliding scale: "the more substantively oppressive the contract term, the less evidence of procedural unconscionability is required to come to the conclusion that the term is unenforceable, and vice versa." *Armendariz*, 24 Cal.4th at 114. Still, "both [must] be present in order for a court to exercise its discretion to refuse to enforce a contract or clause under the doctrine of unconscionability." *Id.*

### 1. Procedural unconscionability

Gazillion argues there was *no* procedural unconscionability because the arbitration provision was conspicuously disclosed and was presented to Davis *before* she accepted employment. Gazillion is likely correct that the circumstances here are *less* unconscionable than cases where arbitration provisions are forced on existing employees, but Ninth Circuit and California case law is clear that any arbitration provision presented on a "take it or leave it" basis implicates unconscionability. *See Ingle v. Circuit City Stores, Inc.,* 328 F.3d 1165, 1172 (9th Cir. 2003) (following the reasoning in *Szetela v. Discover Bank*, 97 Cal.App.4th 1094 (2002), in which the California Court of Appeal held that the availability of other options does not bear on whether a contract is procedurally unconscionable.) See also, *Ferguson v. Countrywide Credit Industries, Inc.*, 298 F.3d 778, 784 (9th Cir. 2002) ("[W]hether the plaintiff had an opportunity to decline the defendant's contract and instead enter into a contract with another party that does not include the offending terms is not the relevant test for procedural unconscionability.") Accordingly, because

2

No. C 10-743 RS

Davis did not have a meaningful opportunity to "opt out," there was at least some procedural unconscionability here.

### 2. Substantive unconscionability

An arbitration provision is substantively unconscionable if it is "overly harsh" or generates "one-sided results." *Armendariz*, 24 Cal.4th at 114. "[T]he paramount consideration in assessing conscionability is mutuality." *Abramson v. Juniper Networks, Inc.*, 115 Cal.App.4th 638, 657, (2004). California law requires an arbitration agreement to have a "modicum of bilaterality," *Armendariz*, 24 Cal.4th at 117.

Davis contends five aspects of the arbitration agreement are unconscionable. First, paragraph D of the agreement provides that *either* side may resort to the courts for injunctive relief notwithstanding the arbitration agreement. Despite this apparent mutuality, Davis argues that as a practical matter, only the employer can take advantage of this clause, because while it might be common for an employer to seek to enjoin a departing employee from disclosing trade secrets, there would be few, if any, circumstances where an employee would pursue an injunction precluding the employer from taking an adverse employment action. California Code of Civil Procedure §1281.8 already gives parties to arbitration agreements the right to seek provisional relief in court, so it is not immediately clear whether this contractual clause gives either party any more rights than it would have were it simply omitted. The Ninth Circuit, however, has drawn a distinction between the statutory right of §1281.8, and the inclusion of such a provision in an arbitration agreement. *See Nagrampa, supra*, 469 F.3d at 1286-1287. Although the contractual clause in *Nagrampa* was unilateral on its face in a way the one here is not, the courts generally do reject contractual provisions that would have the *practical effect* of being invoked only, or far more often, by the employer. *See*, *e.g.*, *Martinez v. Master Protection Corp.* 118 Cal.App.4th 107 (2004). The more cautious route, therefore, and one to which Gazillion does not strenuously object, is simply to sever

paragraph D.  While it does not appear that *either* side had any intention to invoke paragraph D in this action, they both will retain such rights as may be provided by §1281.8.

Davis next contends that the arbitration agreement does not provide for appeal or judicial review of the decision.  She is reading too much, however, into a clause that says the arbitration is the "sole, exclusive, and final" remedy.  The arbitrator is *required* to issue a "written decision," which would then be subject to the ordinary process of court confirmation.  That is all *Armendariz* requires.  "All we hold today is that in order for such judicial review to be successfully accomplished, an arbitrator in a FEHA case must issue a written arbitration decision that will reveal, however briefly, the essential findings and conclusions on which the award is based." *Armendariz*, 24 Cal.4th at 27.

Davis further challenges the final sentence of paragraph C, which states: "Notwithstanding, the arbitrator will not have the authority to disregard or refuse to enforce any lawful company policy, and the arbitrator shall not order or require the company to adopt a policy not otherwise required by law which the company has not adopted."   It is entirely unclear what this sentence is intended to mean.  It could be seen simply as a limit on the arbitrator's authority to mandate general company policy, or it could be read as a limit on what the arbitrator may order in this particular case.  The former interpretation might well be benign, but the latter would be problematic.  Accordingly, because the sentence  is ambiguous and could be seen by an arbitrator as imposing unilateral limitations on his or her power that favor Gazillion, it will be stricken.

Davis also complains the agreement does not expressly authorize the arbitrator to award equitable relief.  Paragraph A, however, authorizes "any remedies . . . available under applicable law."  Paragraph D and the final sentence of paragraph C have been stricken.  Nothing remaining in Paragraph C (or elsewhere in the agreement) operates to foreclose equitable remedies if they are available under applicable law.

Finally, Davis contends the agreement authorizes the arbitrator to award attorney fees without recognition of the law that limits the circumstances under which such awards can be made.

4

Not so. The agreement requires the arbitrator to follow the applicable law, in all respects. It need not describe in further detail when the law does and does not allow attorney fees to be awarded.

### III. CONCLUSION

The final sentence of paragraph C and Paragraph D are stricken from the arbitration agreement between the parties. With that proviso, the motion to compel arbitration is granted. As there is no dispute that all the claims in this action are within the scope of the arbitration clause, the action is dismissed, without prejudice. The Clerk is directed to close the file.

IT IS SO ORDERED.

Dated: 07/12/2010

RICHARD SEEBORG
UNITED STATES DISTRICT JUDGE